UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS QUINN BLAIR, JR., <br><br> Plaintiff, <br><br> v. <br><br> L. PANTOJA, <br><br> Defendant. | No. 1:23-cv-00574-KES-SAB (PC) <br><br> FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF DEFENDANT GAINES PURSUANT TO RULE 4(M) OF THE FEDERAL RULES OF CIVIL PROCEDURE <br><br> (ECF No. 25) |

Plaintiff is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

**I.**

**DISCUSSION**

This case is proceeding on Plaintiff's excessive force claim against Defendants Pantoja, Barcena, and the unidentified "Doe" officer and against Defendants Ybarra, Gentry and Gaines for failure to protect in violation of the Eighth Amendment. (ECF No. 19)

On January 10, 2024, the Court ordered that the first amended complaint be electronically served on Defendants. (ECF No. 20.)

On February 14, 2024, the California Department of Corrections and Rehabilitation

(CDCR) returned a notice of intent to waive service of process as to Defendants L. Pantoja, R. Barcena, G. Ybarra, and B. Gentry  (ECF No. 22.)  On this same date, CDCR issued a notice of intent not to waive service as to Defendant Gaines with a notation "unable to identify."  (ECF No. 23.)

Service of process for Defendant Gaines was therefore forwarded to the United States Marshal (USM).   On February 23, 2024, the USM returned the summons unexecuted with a notation that "Reached out to LiTCo for assistance identifying Sgt. Gaines.  LitCo states they're unable to identify a Sgt. Gaines.  Return unexecuted."  (ECF No. 24.)

Pursuant to Federal Rule of Civil Procedure 4:

> If a defendant is not served within 90 days after the complaint is filed, the court "on motion or on its own after notice to the plaintiff" must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(2). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties." Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause....' " Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir. 1990)).  However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

Because the USM has not been successful in locating Defendant Gaines, on February 26,

2024, the Court provided Plaintiff with an opportunity to show cause why Defendant Gaines should not be dismissed from this action for failure to serve process. (ECF No. 25.) Plaintiff has failed to respond to the Court's February 26, 2024 order and the time to do so has passed. Thus, dismissal of Defendant Gaines is warranted. Indeed, the Court advised Plaintiff in the February 26, 2024 order that if he failed to provide the USM with additional information, Defendant Gaines would be dismissed from this action. (ECF No. 25.)

## II.

## RECOMMENDATION

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **April 8, 2024**

UNITED STATES MAGISTRATE JUDGE